**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4992**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOHN FORREST HAM, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.   Henry F. Floyd, District Judge. (6:10-cr-00046-HFF-1)

Submitted:  May 26, 2011            Decided:  July 12, 2011

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Forrest Ham, Jr., appeals his conviction and 319-month sentence imposed by the district court following a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006) (Count One); carjacking, in violation of 18 U.S.C. § 2119(1) (2006) (Count Two); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2006). Ham's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning the reasonableness of Ham's sentence. Ham filed a pro se supplemental brief arguing that the district court erred by designating him as an armed career criminal and a career offender and by assessing criminal history points for certain prior convictions. For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, this court considers whether the district court properly calculated the

2

defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id.

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in original), cert. denied, 131 S. Ct. 165 (2010).  If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Morace, 594 F.3d 340, 345-46 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010).

Because Ham did not request a sentence different than the one ultimately imposed, we review his sentence for plain error.  United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir.

3

2010). To establish plain error, Ham "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Ham satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

With these standards in mind, we have reviewed the record and conclude that Ham's sentence is both procedurally and substantively reasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ham's convictions and sentence.

This court requires that counsel inform Ham, in writing, of the right to petition the Supreme Court of the United States for further review. If Ham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ham. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED